IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 25-cv-2831-TLP-tmp |
| | ) |
| NATIONAL GENERAL INSURANCE | ) |
| COMPANY, INC., ALLSTATE | ) |
| INSURANCE COMPANY, and | ) |
| ESURANCE INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

---

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECUSAL

---

Before the Court are Plaintiff Gerald Kiner's Motion for Recusal and Amended Motion for Recusal. (ECF Nos. 8, 22.) For the following reasons, both motions are DENIED.

28 U.S.C. § 144(a) provides that "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" An affidavit of bias or prejudice must be made in a timely manner, or "not less than ten days before the beginning of the term at which the proceeding is to be heard." Id. Recusal becomes mandatory only when counsel of record certifies that the § 144 affidavit is made in good faith—

which is not applicable here because Kiner is proceeding pro se— and the affidavit is both timely and sufficient. See Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007); see also Dalton v. State, No. 2:25-cv-00071, 2025 WL 2524232, at *4 (M.D. Tenn. Sept. 2, 2025). Facts in the affidavit are accepted as true, but the Court only gives weight "to facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." Id. (quoting Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004)); see also Meier v. Wyndham Hotels & Resorts Co., No. 22-12991, 2023 WL 1811240, at *1 (E.D. Mich. Jan. 26, 2023).

Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); see also Cardello-Smith v. Combs, No. 24-cv-12647, 2025 WL 1951722, at *3 (E.D. Mich. June 30, 2025). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Murphy v. Brixworth Homeowners Ass'n, Inc., No. 24-5823, 2025 WL 3459587, at *4 (6th Cir. Dec. 2, 2025). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." Scott, 234 F. App'x at

352 (internal quotation marks omitted); <u>see also</u> <u>Lopez v. Trans Union LLC</u>, No. 25-12733, 2025 WL 3278015, at *1 (E.D. Mich. Oct. 24, 2025).

In both motions, Kiner cites what he claims are errors of the court, but all these alleged errors stem from previous rulings of the court. (<u>See</u> ECF Nos. 8, 22.) In his original motion, Kiner states that the motion is "based upon what Plaintiff contends are prior rulings and conduct . . . that demonstrate bias and prejudice toward [Kiner] in earlier proceedings[.]" (ECF No. 8 at PageID 73.) In this motion, he does not note any specific instances of bias. In his amended motion, Kiner states that he has "identified well over one hundred (100) distinct reversible errors across the eleven (11) orders listed[.]" (ECF No. 22 at PageID 176.) These orders include various decisions in one of Kiner's previous cases before this court, including a denial of a motion to compel, striking a reply brief, and limiting discovery. (ECF No. 22-1 at PageID 182.) Kiner only cites actions taken by the court in previous proceedings, which is an insufficient basis for recusal.

Therefore, based on the above, Kiner's Motion for Recusal and Amended Motion for Recusal are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 17, 2025

- 3 -

Date