IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **GERALD KINER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 25-cv-2831-TLP-tmp |
| | ) |
| **NATIONAL GENERAL INSURANCE** | ) |
| **COMPANY, INC., ALLSTATE** | ) |
| **INSURANCE COMPANY, and** | ) |
| **ESURANCE INSURANCE COMPANY,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE**
_____

Before the Court is Plaintiff Gerald Kiner's various Motions to Strike. (ECF Nos. 51, 54, 62.) For the following reasons, the motions are DENIED.

### I.   BACKGROUND

This case was initiated on August 25, 2025. (ECF No. 2.) Service of process for all three Defendant insurance companies was made on the Tennessee Department of Commerce ("Department of Commerce") on September 8, 2025. (ECF Nos. 9, 10.) The Defendants state that although the summons and complaint for each of them was provided to the Department of Commerce in early September, it was not received by their registered agent for service of process until September 22, 2025, for Esurance Insurance Company ("Esurance")

and Allstate Insurance Company ("Allstate"), and September 23, 2025, for National General Insurance Company ("NGIC"). (ECF Nos. 23 at PageID 197, 34 at PageID 281, 35 at PageID 289.) Esurance filed a Motion for an Extension of Time to File Their Response, which was granted. (ECF Nos. 17, 65.) Esurance was given until October 27, 2025, to file their answer, which they did on October 10, 2025. (ECF Nos. 20, 65.) NGIS and Allstate did not file their answers until November 3, 2025. (ECF Nos. 32, 33.)

On September 29, 2025, Kiner filed his first two Motions for Entry of Default. (ECF Nos. 11, 12.) Allstate and NGIC both filed their Responses in Opposition on November 4, 2025. (ECF Nos. 34, 35.) Kiner's first Motion to Strike seeks to strike Allstate's response. (ECF No. 51.) His second Motion to Strike seeks to strike NGIC's response. (ECF No. 54.) Also on November 4, 2025, Kiner filed a Motion to Consolidate Defendants' Filings. (ECF No. 39.) On November 18, 2025, the Defendants filed a Combined Response in Opposition to Plaintiff's Motion to Consolidate. (ECF No. 57.) Kiner then filed his third Motion to Strike on November 20, 2025, seeking to strike the Defendants' Combined Response. (ECF No. 62.)

## II.   ANALYSIS

### A.   Motion to Strike Allstate's Response in Opposition to Plaintiff's Motion for Default Judgment

A motion to strike is properly brought pursuant to Federal Rule of Civil Procedure 12(f). Fed. R. Civ. P. 12(f). Under Rule

12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. Kiner's "Motion to Strike Defendant Allstate Insurance Company's Moot Response in Opposition to Plaintiff's Motion for Default Judgment," though styled as a motion to strike, does not seek to strike anything from a pleading. Rather, he seeks to have Allstate's Response in Opposition to his Motion for Default Judgment declared "moot and void ab initio" and for the court to find that "the filing is tainted by conflation, misrepresentation, and inequitable conduct under the Clean Hands doctrine." (ECF No. 51 at PageID 405-06.)

Kiner cites Federal Rule of Civil Procedure 6(b) to argue that because Allstate filed its response to Kiner's Motion for Default Judgment late and unaccompanied by a Rule 6(b) Motion, the response "is moot on its face and cannot serve as a valid vehicle to defeat Plaintiff's pending Motion for Default Judgment." (Id. at PageID 407-08.) Kiner further argues that Allstate "improperly conflates: (a) statutory service mechanics under Tenn. Code Ann. § 56-2-504(b) with constitutional due process standards; and (b) the standards applicable to a Rule 55(c) motion to set aside default with a mere brief opposing Plaintiff's motion, despite filing no such motion." (Id. at PageID 408.) He states that this is "inconsistent with Fed. R. Civ. P. 11 (b), which requires accurate, non-misleading representations of law and fact[.]" (Id.

- 3 -

at PageID 409.) His final argument in this motion is that the court should sanction Allstate for this filing because they "(a) fil[ed] an Answer after the deadline without leave, (b) fil[ed] a subsequent Opposition premised on conflated and selective readings of the law, (c) attempt[ed] to obtain leniency without a proper Rule 6(b) or 55(c) motion, and (d) contradict[ed] clear docket facts regarding time and notice," and that they come before the court with unclean hands and are "not entitled to equitable indulgence." (Id. at PageID 409-10.)

Kiner filed his Motion for Default Judgment on September 29, 2025. Pursuant to Local Rule 7.2, Allstate had fourteen days to respond to the motion. L.R. 7.2(2). Allstate filed their response on November 4, 2025, more than fourteen days later. (ECF No. 35.) Although Allstate was twenty-nine days late in making their filing, a late filing is not grounds for a response to be declared moot or void ab initio. Further, Rule 6(b) is not a mechanism for striking a filing. Rather, it sets out how a party may go about getting an extension of time to file, either before or after a deadline. Fed. R. Civ. P. 6(b).

This court has "broad authority to manage its docket[,]" including by accepting late filings. C.S. v. McCrumb, 135 F.4th 1056, 1069 (6th Cir. 2025). Here, Allstate states that they did not receive service of process until September 22, 2025. (ECF No. 34 at PageID 281.) Although the Motion for Default Judgment was

- 4 -

filed after this and Allstate's response was late, the court has discretion to permit the late filing. Therefore, Kiner's Motion to Strike Allstate's Response is denied.

**B.   Motion to Strike NGIC's Response in Opposition to Plaintiff's Motion for Default Judgment**

Kiner's "Motion to Strike Defendant National General Insurance Company's Moot Response in Opposition to Plaintiff's Motion for Default Judgment" seeks to have NGIC's Response in Opposition to Plaintiff's Motion for Default Judgment, ECF No. 34, be declared void ab initio and for the court to find that it was "filed in violation of Federal Rule of Civil Procedure 6(b), Rule 11 (b), 28 U.S.C. § 1927, and the binding equitable principles of the Clean Hands Doctrine[.]" (ECF No. 54.) Although, once again, this motion is styled as a motion to strike, Kiner does not cite Rule 12(f) anywhere in his motion. He instead argues that NGIC's filing conflated distinct legal standards in an effort to mislead the court. (Id. at PageID 427.) He further states that the court should apply the doctrine of unclean hands because NGIC filed an "[u]ntimely Answer and Response . . . without leave of [c]ourt or Rule 6(b) motion[,]" asserted "[c]ontradictory defenses[,]" "[c]onflat[ed] statutory procedure with constitutional standards to mislead the [c]ourt[,]" distorted citations and omitted controlling authority, and "[p]ost-record rationaliz[ed] contradictory sworn filings[.]"(Id. at PageID 429.)

As discussed above, Rule 6(b) is not a mechanism for striking a filing. Neither is Rule 11(b) or 28 U.S.C. § 1927. See, e.g., Tokers, Inc. v. Com. Grp., Inc., No. 3:23-CV-326, 2025 WL 2476160 (E.D. Tenn. Aug. 6, 2025); Stenberg v. Groff, No. 2:24-cv-13112, 2025 WL 1921756 (E.D. Mich. July 11, 2025). Rule 11(b) requires an attorney or unrepresented party to certify that their filing is not presented for an improper purpose, is not frivolous, has evidentiary support, and that any factual denials are warranted on the evidence. Fed. R. Civ. P. 11(b). Section 1927 places liability on counsel who unreasonably or vexatiously multiply proceedings. 28 U.S.C. § 1927.

As with Kiner's Motion to Strike Allstate's Response, this court has "broad authority to manage its docket." C.S., 135 F.4th at 1069. Here, NGIC's registered agent did not receive service of process until September 16, 2025. (ECF 34 at PageID 281.) Although the Motion for Default Judgment was filed after this and NGIC's response was late, the court has discretion to permit the late filing. Therefore, Kiner's Motion to Strike NGIC's Response is denied.

**C. Motion to Strike Defendants' Combined Response**

In his "Motion to Strike Defendants' Combined Response as Moot and Void Ab Initio for Conflation, Misrepresentation, and Bad-Faith Multiplication of Proceedings," Kiner requests that the Defendants' Combined Response be stricken. (ECF No. 62.)

He first argues that the Combined Response is void ab initio because the underlying pleadings were untimely and filed without leave. (Id. at PageID 483-84.) He then argues that the Combined Response is premised on misrepresentations. (Id. at PageID 485.) He also argues that the Defendants have unclean hands by making "[u]ntimely filings[,]" not filing a Rule 6(b) motion, making "false representation about deadlines[,]" "misrepresent[ing] controlling authority[,]" and "[f]iling answers without jurisdictional footing[.]"(Id. at PageID 487-88.) Last, Kiner argues that the Combined Response is void under 28 U.S.C. § 1927 because it "[u]nreasonably and exatiously multipli[es] proceedings." (Id. at PageID 489.)

First, the Combined Response itself was not filed late. Kiner filed his Motion to Consolidate Defendant's Filings on November 4, 2025. (ECF No. 39.) The Defendant's Combined Response was filed on November 18, 2025. (ECF No. 57.) This is exactly fourteen days after Kiner's Motion to Consolidate Defendant's Filings, and the Combined Response was therefore timely filed. See L.R. 7.2(2). It is not relevant that previous filings by the Defendants were filed late. Kiner's next argument, that the Combined Response is premised on misrepresentations, is not well taken. Kiner cites to several irrelevant statutes but fails to cite any authority that would allow the Combined Response to be stricken. (ECF No. 62 at PageID 485-87.) Finally, § 1927 does not provide a mechanism for a filing

to be declared moot or void ab initio. 28 U.S.C. § 1927. The Defendants are permitted to make combined filings. Kiner's Motion to Strike the Combined Response is denied.

### III. CONCLUSION

Therefore, based on the above, Kiner's three Motions to Strike are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
Chief United States Magistrate Judge

December 19, 2025  
Date