**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 25-cv-2831-BCL-tmp |
| | ) |
| NATIONAL GENERAL INSURANCE | ) |
| COMPANY, INC., ALLSTATE | ) |
| INSURANCE COMPANY, and | ) |
| ESURANCE INSURANCE COMPANY, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

**REPORT AND RECOMMENDATION**

_____

Before the court is Plaintiff Gerald Kiner's Motion for Entry of Default and Motions for Default Judgment. (ECF Nos. 11, 12, 37, 45.) For the following reasons, the undersigned recommends these motions be denied.

**I.    PROPOSED FINDINGS OF FACT**

This complaint, which involves an insurance coverage dispute following an auto accident, was filed on August 25, 2025. (ECF No. 2.) The Tennessee Department of Commerce and Insurance ("Department of Commerce") was served with the complaint on September 8, 2025. (ECF Nos. 9, 10.) On September 16, 2025, the Department of Commerce mailed via Certified Mail letters to the Defendants stating, "[p]ursuant to Tennessee Code Annotated § 56-

2-504 or § 56-2-506, the Department of Commerce and Insurance was served September 8, 2025, on your behalf in connection with the above-styled proceeding." (ECF No. 10 at PageID 97-99.) The Defendants state that although the summons and complaint for each of them was provided to the Department of Commerce in early September, it was not received by their registered agent for service of process until September 22, 2025, as to Esurance Insurance Company ("Esurance") and Allstate Insurance Company ("Allstate"), and September 23, 2025, as to National General Insurance Company ("NGIC"). (ECF Nos. 23 at PageID 197, 34 at PageID 281, 35 at PageID 289.) September 22, 2025, is also the date on which notice of the service of the Defendants was received by the court. (ECF No. 10 at PageID 100 (envelope date stamped "Received" September 22, 2025).)

On October 8, 2025, Esurance filed a Motion for an Extension of Time to File Their Response, which was granted. (ECF Nos. 17, 65.) Esurance was given until October 27, 2025, to file their Answer, which they filed on October 10, 2025. (ECF Nos. 20, 65.) NGIC and Allstate did not file their Answers until November 3, 2025. (ECF Nos. 32, 33.) Allstate and NGIC did not file motions for extension of time to answer, and did not file their Answers until November 3, 2025. (ECF Nos. 32, 33.)

On September 29, 2025, Kiner filed his Motion for Entry of Default and First Motion for Default Judgment. (ECF Nos. 11, 12.)

- 2 -

Esurance filed their Response in Opposition to the Motion for Default Judgment on October 16, 2025. (ECF No. 23.) Allstate and NGIC both filed their Responses in Opposition on November 4, 2025. (ECF Nos. 34, 35.) Also on November 4, 2025, Kiner filed two more Motions for Default Judgment, which were against Allstate and NGIC, respectively. (ECF Nos. 37, 45.) Allstate and NGIC filed their Responses on November 18, 2025. (ECF Nos. 58, 59.) Neither the Clerk nor the court has entered default as to any of the Defendants.

## II.    PROPOSED CONCLUSIONS OF LAW

### A.    Legal Standard

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Entry of default by the Clerk must be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Default Judgment must be entered by the Clerk when the plaintiff files "an affidavit showing the amount due" and the claim is "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In any other situation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "Additionally, '[t]he entry of default is the first procedural step necessary in obtaining a default judgment.'" Meitzner v. City of Sterling Heights, No. 21-12169, 2022 WL

- 3 -

2239162, at *2 (E.D. Mich. June 22, 2022), aff'd sub nom. Meitzner v. City of Sterling Heights, MI, No. 22-1634, 2023 WL 5275100 (6th Cir. Mar. 29, 2023) (quoting McDonald v. De Kalb Fed. Sav. & Loan, 818 F.2d 31 (6th Cir. May 13, 1987)). Although a defendant against whom default has been entered may file a motion to set aside the default, "an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default." Midwest Fam. Mut. Ins. Co. v. Day & Night Solar, LLC, No. 2:25-cv-02161, 2025 WL 3080787, at *7 (W.D. Tenn. Nov. 4, 2025) (quoting United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983)).

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "When a party moves to set aside a default under Rule 55(c), courts consider the following three factors to determine the outcome." Daniels v. City of Detroit, No. 24-cv-11956, 2025 WL 2426373, at *4 (E.D. Mich. Dec. 5, 2025) (citing Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 192 (6th Cir. 1986)). "First, '[w]hether the plaintiff will be prejudiced' by setting aside the default. Second, '[w]hether the defendant has a meritorious defense.' And third, '[w]hether culpable conduct of the defendant led to the default.'" Id. (citing Shepard Claims Serv., 796 F.2d at 192 (internal citations omitted)). Further, "[a]lthough 'Rule 55(c) leaves to the discretion of the trial judge the decision

- 4 -

whether to set aside an entry of default,' '[t]rials on the merits are favored in the federal courts,'" Id. (quoting Shepard Claims Serv., 796 F.2d at 193; Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990) (internal citations omitted)).

**B.   Kiner's Motion for Entry of Default and First Motion for Default Judgment**

Kiner's Motion for Entry of Default requests that the Clerk enter default against all three Defendants. (ECF No. 11 at PageID 102.) His First Motion for Default Judgment makes the same request of the court. (ECF No. 12 at PageID 107.) In both motions, Kiner states that the date of service was September 5, 2025. (ECF Nos. 11 at PageID 102, 12 at PageID 108.) However, as of September 5, none of the Defendant insurance companies had been served. They state that their registered agent for service of process only received the summons and complaint either on September 22 or 23, 2025, which is supported by the certified letter from the Department of Commerce that was mailed on September 16, and received by the court on September 22. (ECF Nos. 10, 23 at PageID 197, 34 at PageID 281, 35 at PageID 289.) As of September 29, 2025, the date that both of Kiner's motions were filed, none of the Defendants were late in filing their Answers. As to Esurance, they timely filed their Answer on October 10, within the time period set by the court. (ECF Nos. 20, 65.) Because the Motion for Entry of Default and First Motion for Default Judgment were prematurely

filed, there was no basis for the Clerk or the court to enter default as to any Defendant.

**C.    Kiner's Second Motion for Default Judgment**

Kiner's Second Motion for Default Judgment requests that the court enter default judgment against Allstate. (ECF No. 37 at PageID 306-07.) He argues that Allstate's Answer is void ab initio because it was filed late and claims that the Answer contains no defenses to his claims. (Id. at PageID 308.) The date of service as to Allstate was September 22, 2025, the date that their registered agent for service of process was served by the Department of Commerce. (ECF No. 35 at PageID 289.) Under Federal Rule of Civil Procedure 12(a), a defendant has twenty-one days after service of process is made in which to file their responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(i). Thus, Allstate had until October 13, 2025, to serve their Answer. Their Answer was served on November 3, 2025, and was late. (ECF No. 33.)

In their Response in Opposition to Kiner's Second Motion for Default Judgment, Allstate explains why their Answer was late:

> [W]hen suit was originally served on Defendant[] Esurance . . . [the] same was reported to Allstate, which, in turn, assigned its defense to NGIC's litigation department. Accordingly, when Allstate later receive[d] its copy of the summons and Complaint . . . from its designated agent for service of process, [the] same was forwarded to NGIC. Unfortunately, because NGIC had already retained undersigned counsel for the defense of all three (3) Defendants, NGIC's staff marked the Allstate service package as a duplicate and failed to send [the] same to defense counsel until defense counsel

- 6 -

inquired regarding [it]. However, after defense counsel inquired as to the status of service on Allstate, the summons and Complaint designated for Allstate were forwarded on October 27, 2025.

(ECF No. 59 at PageID 463.) Allstate further argues that it is "well-settled precedent that, in the absence of entry of default, the more lenient standard under Rule 55(c) applies" and that "Allstate's opposition to Plaintiff's Motion for Default is to be treated as a Rule 55(c) motion." (Id. at PageID 465.) They state that their failure to timely serve their Answer was not willful and was "based on a mistaken belief, on the part of co-Defendant NGIC, that Allstate's service package had already been sent to counsel." (Id.) They further note that "the record in this case is devoid of any assertion that failure to enter default would result in any prejudice to Plaintiff." (Id.) In conclusion, they contend that "Esurance's timely Answer will require Plaintiff to prosecute this matter regardless of whether Allstate and NGIC are held in default" and claim that they have several meritorious defenses to Kiner's claim of bad faith. (Id. at PageID 465-66.)

Although the Clerk did not enter default under Rule 55(a), even if she had, the undersigned finds good cause under Rule 55(c) to excuse Allstate's untimely Answer. First, Kiner has failed to show that Allstate's untimely Answer prejudices him in any way. Although Allstate's delay amounted to forty-two days, "[m]ere delay is not sufficiently prejudicial 'to require denial of a

- 7 -

motion to set aside a default judgment.'" Daniels, 2025 WL 2426373, at *5 (quoting United Coin, 705 F.2d at 845). Second, Allstate has potentially meritorious defenses, including the example they reference-that they never issued an insurance policy to Kiner. (ECF No. 59 at PageID 466.) Third, Allstate has provided a sufficient explanation for their late Answer. Further, once they discovered their oversight on October 27, 2025, they filed their Answer within a week, demonstrating that they acted in good faith. The undersigned therefore recommends that Kiner's Second Motion for Default Judgment be denied.

**D.    Kiner's Third Motion for Default Judgment**

Kiner's Third Motion for Default Judgment requests that the court enter default judgment against NGIC. (ECF No. 45 at PageID 365.) He argues that NGIC's Answer is void ab initio because it was filed late and that NGIC thus has unclean hands. (Id. at PageID 366-67.) The date of service as to NGIC was September 23, 2025, the date that their registered agent for service of process was served by the Department of Commerce. (ECF No. 34 at PageID 281.) NGIC had until October 14, 2025, to serve their Answer. Their Answer was served on November 3, 2025, and was late. (ECF No. 33.)

In their Response in Opposition to Kiner's Third Motion for Default Judgment, NGIC explains why their Answer was late:

> According to NGIC's records, the summons and Complaint designated for service on NGIC were received in NGIC's mailroom, which receives thousands of letters, packages,

and parcels per day, on September 23, 2025. Per NGIC's routine practice, once an item is determined to be a service package, it is supposed to forward [the] same to NGIC's service of process email address/inbox. However, in this case, the service package was not forwarded to said email address/inbox until October 21, 2025. Upon receipt of the service package, [the] same was reviewed by the service of process team, which is also charged with reviewing a high volume of legal documents, and forwarded [the service package] to the adjuster assigned to this case within two (2) days. [The s]ame was the[n] immediately forwarded to undersigned counsel.

(ECF No. 58 at PageID 455.) NGIC states that their failure to timely serve their Answer was not willful and was "the result of a simple error in the mailroom." (Id. at PageID 457.) They further note that "the record in this case is devoid of any assertion that failure to enter default would result in any prejudice to Plaintiff." (Id.) In conclusion, they contend that "Esurance's timely Answer will require Plaintiff to prosecute this matter regardless of whether Allstate and NGIC are held in default" and claim that they have several meritorious defenses to Kiner's claim of bad faith. (Id. at PageID 457.)

As with Allstate, the Clerk did not enter default, but even if she had, the undersigned finds good cause to excuse NGIC's untimely Answer. Kiner has failed to show that NGIC's untimely Answer prejudices him in any way, NGIC has potentially meritorious defenses (including that they never issued an insurance policy to Kiner), and NGIC has provided a sufficient explanation for their late Answer. Further, once the service package was sent to the

- 9 -

service of process inbox, on October 21, 2025, they filed their Answer within two weeks, demonstrating that they acted in good faith. The undersigned therefore recommends that Kiner's Third Motion for Default Judgment be denied.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that Kiner's motions be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 14, 2026
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**