**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

GERALD KINER,

    Plaintiff,

    v.                           Case No. 2:25-cv-02831-BCL-tmp

NATIONAL GENERAL INSURANCE
COMPANY, INC., ALLSTATE
INSURANCE COMPANY, and
ESURANCE INSURANCE COMPANY,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORTS AND RECOMMENDATIONS**

---

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation (Doc. 73) on Plaintiff Gerald Kiner's Motions for Default Judgment (Docs. 12, 37, 45) and Motion for Entry of Default (Doc. 11). Plaintiff filed objections (Doc. 75) within the allotted fourteen days. For the reasons given below, those objections are **OVERRULED**, and the Report is **ADOPTED**, and Plaintiff's Motions are **DENIED**.

**<u>STANDARD OF REVIEW</u>**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the

order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## DISCUSSION

The Court has reviewed the Report and the entire record in this matter and finds no clear error or error of law in the Magistrate Judge's analysis or conclusions. Indeed, even viewing the matter de novo, the Court finds no error at all. Plaintiff puts forth seven objections, with many issues overlapping. Doc. 75. The Court discusses them below.

### I. Sequencing Error

Plaintiff first argues that the Court Clerk was required to enter default under Rule 55(a). Doc. 75 at 1-2. Plaintiff asserts that service was legally perfected on September 8, 2025[1], when the Tennessee Department of Commerce and Insurance ("TDIC") was served with the summons and complaint on Defendants' behalf. *Id*. at 2. Tennessee Code Annotated §56-2-504 states:

> When the commissioner has been appointed or constituted attorney for a foreign or alien insurance company, either by power of attorney or by failure to comply with § 56-2-503, any lawful process against or notice to the company in any action or proceeding against it from any cause of action arising in the state may be served on the commissioner, and filing the power of attorney or doing business in the state shall be a signification of its agreement that the process or notice served shall be of the same legal force and validity as if served upon it in the state.

---

[1] Plaintiff's Motion for Entry of Default (Doc. 11) and Motion for Default Judgment (Doc. 12) indicate that each Defendant was served on September 5, 2025. This date, relied on in the Report, does not impact this Court's conclusions.

On September 22, 2025, the Court Clerk received a letter from TDIC, stating "Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served September 8, 2025…" Doc. 10. Plaintiff states that Defendants had twenty-one days from this date of service to respond, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A) ("a defendant must serve an answer within 21 days after being served with the summons and complaint"). Doc. 75 at 2. However, Tenn. Code Ann. § 56-2-504 provides a buffer for insurance companies being served through TDIC:

> The court in which the action or proceeding is pending may order continuances necessary to afford the defendant reasonable opportunity to defend the action. No judgment shall be entered against the defendant under this section until at least thirty (30) days have elapsed after process or notice has been served on the commissioner.

Therefore, the Clerk could not enter default against the Defendants prior to October 8, 2025. On October 7, 2025, this Court received Notices of Appearance by the Defendants (Docs. 13, 14, 15, 16). On October 8, 2025, Defendant Esurance filed a Motion for Extension of Time. Doc. 17. In their Motion, Defendant Esurance asserted, "Plaintiff has not strictly complied with Tenn. Code Ann. § 56-2-504 as to either Allstate Insurance Company or National General Insurance Company as no Affidavit of Last Known Address as to either of those named Defendants as required by said statute were filed in this matter…thus proper service has not been perfected." *Id*. at 2. Defendant Esurance requested an extension for itself after receiving service on September 16, 2025. *Id*.

Rule 55 requires an entry of default against parties who have "failed to plead or otherwise defend." Fed. R. Civ. P. 55. At this point in the litigation, Defendants were active participants in the lawsuit, and it would have been improper for the Clerk to enter default. For these reasons, Plaintiff's objection is **OVERRULED**.

**II. Misapplication of Legal Standard**

Plaintiff then argues that the Report misapplies the *United Coin* framework to establish "good cause." Doc. 75 at 4. In *United Coin*, the Sixth Circuit determined that to set aside entry of default under Rule 55(c), the Court must consider "Whether the plaintiff will be prejudiced; Whether the defendant has a meritorious defense; and Whether culpable conduct of the defendant led to the default." *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983). "An answer or other opposition to a motion for default may be treated as a motion to set aside entry of default." *Id*. at 844. Therefore, Defendants' responses in opposition (Docs. 57, 58) are treated as motions to set aside entry of default under Rule 55(c).

Plaintiff states that the Report "improperly elevates the second factor – asserted defenses-as if it alone resolves the inquiry." Doc. 75 at 4. While it does not resolve the inquiry on its own, it does weigh in favor of good cause shown. Defendants put forth numerous affirmative defenses, one being that no contract existed between Plaintiff and Defendants. Doc. 33 at 1. Therefore, this Court finds that Defendants have a meritorious defense.

Plaintiff further argues that the third factor, culpable conduct, "weighs overwhelmingly against Defendants." Doc. 75 at 4. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). There is no evidence that Defendants intended to "thwart judicial proceedings," nor that they acted with a "reckless disregard for the effect of [their] conduct on those proceedings." *Id*. A sufficient explanation was provided, and any failure was quickly remedied by both Defendants within two weeks.  Doc. 58, 59.

4

Plaintiff also argues that the Report misstates the prejudice standard. Doc. 75 at 6. Plaintiff states he has been compelled to "litigate the threshold timeliness question [himself]; file responses to the Report and present supplemental objections; absorb delay in resolution of the underlying insurance claims; and expend time and resources that would have been unnecessary had Defendants timely appeared." *Id*. at 6-7. First, the Plaintiff decided to file a motion for entry of default (Doc. 11), three motions for default judgment (Docs. 12, 37, 45), and numerous related notices. He is not prejudiced by having to litigate the matters he brought before the Court. Further, "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F.2d at 845. Finally, "[s]etting aside default will *always* increase litigation cost to the plaintiff because the plaintiff will actually have to litigate the case." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 325 (6th Cir. 2010). Despite this, the Sixth Circuit "encourages setting aside default to allow for resolution on the merits, which will necessarily drive up litigation costs." *Id*.

"Although all three factors must be considered in ruling on a motion to set aside an entry of default, when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Krowtoh II LLC v. ExCelsius Int'l Ltd,* 330 F. App'x 530, 535 (6th Cir. 2009) (internal citations omitted). In *Shepherd*, which Plaintiff relies on, the Court determined "[w]here the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 195 (6th Cir. 1986). For these reasons, Plaintiff's objections are **OVERRULED**.

5

### III. Omission of Rule 8(b)(6)

Plaintiff next argues that Federal Rule of Civil Procedure 8(b)(6) requires the Complaint to be deemed admitted. Doc. 75 at 3. Rule 8 states, "[a]n allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied." However, Rule 8 must be triggered by a required responsive pleading. As discussed above, this Court has found good cause to excuse Defendants' delay, and therefore a responsive pleading was no longer required within the default timeframe. Doc. 65. For these reasons, Plaintiff's objection is **OVERRULED**.

### IV. Improper Fact-Finding

The Plaintiff then argues that the Report commits an error by resolving factual disputes in favor of Defendants' "unsworn, post-hoc assertions regarding service timing and internal processing delays while simultaneously disregarding Plaintiff's documentary evidence and well-pleaded factual allegations." Doc. 75 at 5. As an aside, Defendants provided *sworn* affidavits as to the internal errors that caused their delays. Docs. 58-1, 59-1.

In any event, Plaintiff is incorrect. In reviewing a motion to set aside a default judgment, "the court should ... construe[ ] all ambiguous or disputed facts in the light most favorable to the defendant." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). This reflects the courts' preference for resolving cases on the merits. For these reasons, Plaintiff's objection is **OVERRULED**.

### CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Report (Doc. 73). Plaintiff's objections (Doc. 75) are **OVERRULED.** Plaintiff's Motions (Docs. 11, 12, 37, 45) are **DENIED**.

**IT IS SO ORDERED**, this 1st day of May, 2026.

6

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE